UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**RICKY L. WILLIAMS,**
        **Plaintiff,**

       v.                                   **Case No. 07-C-1158**

**BETH DITTMAN,**
**JOHN DOES 1 - 5,** *Correctional Officers, Dodge Correctional Institution,*
**JANE DOE 1,** *Correctional Officer, Dodge Correctional Institution,* and
**JANE DOE 2,** *Corrections Officer Sergeant, Dodge Correctional Institution,*
        **Defendants.**

---

## DECISION AND ORDER

Plaintiff, Ricky L. Williams, filed this pro se civil right action under 42 U.S.C. § 1983. Plaintiff has paid the $350.00 filing fee.

I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully

construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the court must accept as true all of the factual allegations contained in the complaint. Bell Atl. Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). There is no heightened pleading requirement for pro se prisoner civil rights complaints. Thomson v. Washington, 362 F.3d 969, 970-71 (7th Cir. 2004). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Id. at 970.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: 1) that he was deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon him by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. See Erickson, 127 S. Ct. at 2200 (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

**A.    Background**

Plaintiff, a state prisoner, was incarcerated at Dodge Correctional Institution (DCI) at all times relevant. However, he currently resides at Green Bay Correctional Institution (GBCI). Defendants are GBCI employees.

On January 17, 2007, plaintiff was not given his Alprazolam medication. Defendant John Doe 1 informed plaintiff that his medication had run out. Plaintiff's medication was not replaced on the next two medication rounds.

During second shift, plaintiff asked defendant John Doe 2 about his missing medication. John Doe 2 replied that he did not have any record of plaintiff ever having received any nighttime medications. Over the next few days, plaintiff experienced chest and stomach pain, his face felt like it was on fire and he had difficulty breathing. It was difficult for him to get out of bed and walking was extremely painful.

On January 20, 2007, plaintiff was told that all of his medications had run out and he would have to wait until Monday to see a doctor. Plaintiff later asked the second and third shift officers, John Does 3 and 4, whether any medication had shown up for him. However, John Does 3 and 4 were indifferent to his request.

On January 21, 2007, plaintiff asked defendant John Doe 5 if there were any medications and he was informed that there were none. John Doe 5 was not interested in anything that plaintiff had to say about his missing medication.

Plaintiff saw Dr. Leslie Gombus on January 22, 2007. At that time, plaintiff was informed that his medications were canceled due to an appointment error. Dr. Gombus discontinued plaintiff's Alprazolam and gave him Trazodone, Buspar and Prozac.

Plaintiff started his new medications on January 23, 2007. Almost immediately, he began to experience pain and vomiting. Plaintiff told defendant Jane Doe 1 that he was having a heart attack and she said that she would call for medical attention. However, approximately one hour later Jane Doe 1 said that plaintiff looked fine and that he would

3

have to wait until the next day to see anyone. Plaintiff told Jane Doe 1 that he was vomiting blood but she did not care.

Plaintiff later stopped defendant Jane Doe 2 to complain about his condition, but she told him to stay put and someone would see him in the morning. Finally, at approximately 1:00 a.m., plaintiff was seen by nurse Bradley. She gave plaintiff Tylenol and Alamag Plus for stomach gas.

On January 25, 2007, plaintiff saw Dr. Stephen Howard who explained that plaintiff's Alprazolam was abruptly stopped due to an appointment scheduling error. Dr. Howard had intended to slowly decrease plaintiff's Alprazolam prescription until it could be discontinued. Dr. Howard restarted plaintiff on Alprazolam and discontinued the Buspar medication. Plaintiff later saw Dr. Scott Hoftiezer for swollen testicles and diarrhea. Dr. Hoftiezer was rude to plaintiff and handled him in a rough manner. He found that plaintiff had an infection in his testicles.

Plaintiff avers that after the nine-day denial of Alprazolam he requires twice as much medication to control his high blood pressure. He also suffers from chronic diarrhea.

Plaintiff avers that the John and Jane Doe defendants were deliberately indifferent to his serious medical needs. He further avers that defendant Beth Dittman was aware of his medical condition and failed to assist the correctional officers in meeting his needs.

Plaintiff alleges that defendants violated his rights under the Eighth Amendment, the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment and Wis. Stat. § 895.045. For relief, plaintiff demands monetary damages and declaratory relief.

4

**B. Analysis**

**1. Claims Against John and Jane Does**

Plaintiff avers that the John and Jane Doe defendants failed to provide him with his medication and ignored his complaints concerning the discontinuation of his medication. Deliberate indifference to the serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, and thus is proscribed by the Eighth Amendment. Walker v. Benjamin, 293 F.3d 1030, 1040 (7th Cir. 2002) (citing Estelle v. Gamble, 429 U.S. 97, 104-05 (1976)). This is the case "whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Estelle, 429 U.S. at 104-05.

To establish liability under the Eighth Amendment, a prisoner must show: (1) that his medical need was objectively serious; and (2) that the official acted with deliberate indifference to the prisoner's health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Chapman v. Keltner, 241 F.3d 842, 845 (7th Cir. 2001). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Wynn v. Southward, 251 F.3d 588, 593 (7th Cir. 2001) (quoting Gutierrez v. Peters, 111 F.3d 1364, 1373 (7th Cir. 1997)). A prison official acts with deliberate indifference when "the official knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. Plaintiff's allegations that defendants ignored plaintiff's complaints and requests for medication are sufficient to state an Eighth Amendment claim against the John and Jane

5

Doe defendants.

**2.     Claim Against Beth Dittman**

Plaintiff avers that defendant Dittman failed to intervene to ensure that he received adequate medical care. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation. Sheik-Abdi v. McClellan, 37 F.3d 1240, 1248 (7th Cir. 1994); Rascon v. Hardiman, 803 F.2d 269, 273 (7th Cir. 1986). "'A prison official's knowledge of prison conditions learned from an inmate's communication can . . . require the officer to exercise his authority and to take the needed action to investigate, and if necessary, to rectify the offending condition.'" Reed v. McBride, 178 F.3d 849, 854 (7th Cir. 1999) (quoting Vance v. Peters, 97 F.3d 987, 993 (7th Cir. 1996)). An official is personally involved if: a) he or she participates directly in the constitutional deprivation; b) acts or fails to act with reckless disregard of the plaintiff's constitutional rights, or; c) the conduct that deprived the plaintiff of his constitutional rights occurred at the official's direction or with his or her knowledge and consent. Rascon, 803 F.2d at 274. In this case, plaintiff asserts that defendant Dittman was aware of, and failed to prevent, the alleged violation of his constitutional rights. Accordingly, plaintiff has stated a failure to intervene claim against defendant Dittman.

**2.     Convention Against Torture and other Cruel, Inhuman or Degrading Treatment or Punishment**

Plaintiff avers that defendants violated the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment (CAT), Dec. 10, 1984, 1465 U.N.T.S. 85, 23 I.L.M. 1027, which provides asylum for aliens residing in the United States who risk persecution in their country of origin. Inasmuch as plaintiff has given no

6

indication that he is an alien, or that he stands to suffer persecution if returned to his home country, he has failed to state a claim under CAT.

### 3. Wis. Stat. § 895.045

Plaintiff asserts that defendants violated Wis. Stat. § 895.945, which provides a cause of action for claims of contributory negligence. Negligence is not actionable in a suit under 42 U.S.C. § 1983 complaining about the infliction of cruel and unusual punishment. Farmer, 511 U.S. at 834; Thomas v. Farley, 31 F.3d 557, 558 (7th Cir. 1994). However, I may exercise supplemental jurisdiction over claims so related to claims in an action that they form part of the same case or controversy. 28 U.S.C. §1367(a); see also Groce v. Eli Lilly & Co., 193 F.3d 496, 500 (7th Cir. 1999) (district courts have the discretion whether to retain or refuse jurisdiction over state law claims). Here, plaintiff is proceeding on a claim that he was denied adequate medical care. Inasmuch as his negligence allegations appear to arise from the same set of facts, he may proceed on a state law negligence claim.

In sum, plaintiff has stated an Eighth Amendment claim against the John and Jane Doe defendants and a failure to intervene claim against defendant Dittman. Additionally, he may proceed on a state law negligence claim against all defendants. However, plaintiff has failed to state a claim under CAT.

**For the foregoing reasons,**

**IT IS ORDERED** that plaintiff's claim alleging a violation of CAT is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**IT IS ORDERED** that plaintiff shall serve a copy of the complaint, the summons, and this order upon defendants pursuant to Federal Rule of Civil Procedure 4.

7

**IT IS ALSO ORDERED** that defendants shall file a responsive pleading to the complaint.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 6 day of June, 2008.

/s_____
LYNN ADELMAN
District Judge

8