UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RICKY L. WILLIAMS,
    Plaintiff,

    v.                                             Case No. 07-C-1158

BETH DITTMANN, JOHN DOES I-V,
JANE DOE I and JANE DOE II,
    Defendants,

## DECISION AND ORDER

Plaintiff, Ricky L. Williams, filed this pro se civil rights action under 42 U.S.C. § 1983. In a decision and order dated June 6, 2008, I screened plaintiff's complaint and allowed him to proceed on an Eighth Amendment claim against the John and Jane Doe defendants and a failure to intervene claim against defendant Dittmann. I also allowed the plaintiff to proceed on a state law negligence claim against all defendants. Before me now are several motions filed by plaintiff.

## I.  MOTION FOR ORDER (DOCKET #15)

Plaintiff asks me to correct an error in my June 6, 2008 decision and order. I identified the defendants as Green Bay Correctional Institution employees; they are, in fact, Dodge Correctional Institution employees. I acknowledge that the employees actually work at DCI, as is evidenced from the context of the decision and order. A separate order is not necessary. I will deny plaintiff's motion as moot.

## II. MOTION TO APPOINT COUNSEL (DOCKET #16)

Plaintiff has asked me to appoint counsel. Although civil litigants do not have a constitutional or statutory right to appointed counsel, I have the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir.2007); Luttrell v. Nickel, 129 F.3d 933, 936 (7th Cir.1997) (citing Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir.1995)). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. Pruitt, 503 F.3d at 654; Zarnes, 64 F.3d at 288. Plaintiff has satisfied the threshold burden by showing his attempts to secure private legal counsel on his own. In fact, plaintiff submitted 23 letters from law firms and legal groups declining the plaintiff's requests for representation.

Because plaintiff has satisfied his threshold burden, I must address the following question: given the difficulty of the case, does this plaintiff appear competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. Pruitt, 503 F.3d at 654-655 (citing Farmer v. Haas, 990 F.2d 319, 322 (7th Cir.1993)). Plaintiff has submitted two affidavits from John G. Sekella, another prisoner who was assisting plaintiff with this litigation. Sekella indicates that will no longer be able to assist plaintiff with this case and suggests that the plaintiff needs counsel to replace his help. However, the mere fact that plaintiff was receiving assistance from another prisoner does not mean that he is unable to litigate this matter himself. The issues in this case appear at this stage to be straightforward and uncomplicated. Therefore, at this time, I do

2

not believe that the presence of counsel is likely to make a difference in the outcome of this case. Accordingly, I will deny the plaintiff's motion to appoint counsel without prejudice.[1]

### III. MOTION FOR DISCOVERY (DOCKET #18)

Plaintiff filed a motion for discovery from a non-party. He seeks specific information and documents from Timothy Lundquist, the Warden of Dodge Correctional Institution, including: (1) the duty rosters for five particular shifts and areas and the names of two corrections officers who handed out medications at specified times; (2) documentation depicting the current location of each identified defendant so they can be served; and (3) copies of the medication handout log to confirm the identities of John Does I-V. At this time, I am unable to order nonparty Timothy Lundquist, or DCI, to produce documents or other information. I will deny plaintiff's motion for discovery.

Plaintiff may serve his discovery requests on defendant Dittmann, who may be able to produce the information. However, if defendant Dittmann is unable to produce the requested information, Federal Rule of Civil Procedure 45 described the process required to obtain information from a nonparty (I have enclosed a copy of Rule 45 with this decision and order).

### IV. CONCLUSION

**For the foregoing reasons,**

---

[1] Mr. Sekella's affidavits aver that plaintiff is "basically illiterate" and can read and write at only the fourth grade level. I will leave open the possibility of a future motion to appoint counsel after I have had the opportunity to evaluate pleadings prepared and filed by plaintiff to determine whether he is competent to try the case himself. Pruitt, 503 F.3d at 654-655 (citing Farmer v. Haas, 990 F.2d 319, 322 (7th Cir.1993))

3

**IT IS THEREFORE ORDERED** that plaintiff's motion for order (Docket #15) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket #16) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that plaintiff's motion for discovery (Docket #18) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 14 day of January, 2009.

/s_____
LYNN ADELMAN
District Judge

**Federal Rule of Civil Procedure 45. Subpoena**

1. **(a) In General.**

(1) Form and Contents.

(A) *Requirements — In General*. Every subpoena must:

(i) state the court from which it issued;

(ii) state the title of the action, the court in which it is pending, and its civil-action number;

(iii) command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises; and

(iv) set out the text of Rule 45(c) and (d).

(B) *Command to Attend a Deposition — Notice of the Recording Method*. A subpoena commanding attendance at a deposition must state the method for recording the testimony.

(C) *Combining or Separating a Command to Produce or to Permit Inspection; Specifying the Form for Electronically Stored Information*. A command to produce documents, electronically stored information, or tangible things or to permit the inspection of premises may be included in a subpoena commanding attendance at a deposition, hearing, or trial, or may be set out in a separate subpoena. A subpoena may specify the form or forms in which electronically stored information is to be produced.

(D) *Command to Produce; Included Obligations*. A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding party to permit inspection, copying, testing, or sampling of the materials.

(2) Issued from Which Court.

A subpoena must issue as follows:

(A) for attendance at a hearing or trial, from the court for the district where the hearing or trial is to be held;

(B) for attendance at a deposition, from the court for the district where the deposition is to be taken; and

(C) for production or inspection, if separate from a subpoena commanding a person's attendance, from the court for the district where the production or inspection is to be made.

(3) Issued by Whom.

The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service. An attorney also may issue and sign a subpoena as an officer of:

(A) a court in which the attorney is authorized to practice; or

(B) a court for a district where a deposition is to be taken or production is to be made, if the attorney is authorized to practice in the court where the action is pending.

**(b) Service.**

(1) By Whom; Tendering Fees; Serving a Copy of Certain Subpoenas.

Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law. Fees and mileage need not be tendered when the subpoena issues on behalf of the United States or any of its officers or agencies. If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served, a notice must be served on each party.

(2) Service in the United States.

Subject to Rule 45(c)(3)(A)(ii), a subpoena may be served at any place:

(A) within the district of the issuing court;

5

(B) outside that district but within 100 miles of the place specified for the deposition, hearing, trial, production, or inspection;

(C) within the state of the issuing court if a state statute or court rule allows service at that place of a subpoena issued by a state court of general jurisdiction sitting in the place specified for the deposition, hearing, trial, production, or inspection; or

(D) that the court authorizes on motion and for good cause, if a federal statute so provides.

(3) Service in a Foreign Country.
28 U.S.C. § 1783 governs issuing and serving a subpoena directed to a United States national or resident who is in a foreign country.

(4) Proof of Service.

Proving service, when necessary, requires filing with the issuing court a statement showing the date and manner of service and the names of the persons served. The statement must be certified by the server.

**(c) Protecting a Person Subject to a Subpoena.**

(1) Avoiding Undue Burden or Expense; Sanctions.

A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) *Appearance Not Required*. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to Subpoena.**

(1) Producing Documents or Electronically Stored Information.

These procedures apply to producing documents or electronically stored information:

(A) *Documents*. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified*. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form*. The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information*. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) *Information Withheld*. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced*. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).