# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RICKY L. WILLIAMS,**

    **Plaintiff,**

    v.                                                   Case No. 07-C-1158

**BETH DITTMANN, JOHN DOES I-V,**
**JANE DOE I and JANE DOE II,**

    **Defendants.**

## DECISION AND ORDER

Plaintiff, Ricky L. Williams, filed this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is proceeding <u>in forma pauperis</u> on an Eighth Amendment claim against the John and Jane Doe defendants and a failure to intervene claim against defendant Dittmann, as well as a state law negligence claim against all defendants. Now before me are: (1) plaintiff's motion for discovery; and (2) plaintiff's motion to appoint counsel.

### I. MOTION FOR DISCOVERY (DOCKET #37)

Plaintiff filed a motion for discovery, seeking information and documents from defendant Dittmann, as well as several other individuals. As an initial matter, plaintiff's motion appears to be original discovery requests from plaintiff to defendants, rather than a motion to compel under Federal Rule of Civil Procedure.

In any event, plaintiff's motion does not comply with Rule 37, under which the party seeking such discovery must complete several steps before court intervention is appropriate. The party seeking discovery must first direct his request to the opposing party. If the opposing party fails to provide the materials, the party must then personally consult with the

opposing party and attempt to resolve their differences. Civ. L.R. 37.1 (E.D. Wis.). If the party is still unable to obtain discovery, he may file a motion to compel discovery with the court pursuant to Fed. R. Civ. P. 37(a). Such motion must be accompanied by a written statement that, "after personal consultation with the party adverse to the motion and after sincere attempts to resolve their differences, the parties are unable to reach an accord." Civil L.R. 37.1 (E.D.Wis.). A motion to compel discovery pursuant to Rule 37(a) is addressed to the sound discretion of the trial court. EEOC v. Klockner H & K Machines, Inc., 168 F.R.D. 233, 235 (E.D. Wis. 1996) (citation omitted).

Plaintiff's motion does not indicate that he followed these steps, and I will therefore deny it. Nevertheless, I would like defendants to advise me whether they provided responses to plaintiff's discovery requests and, if so, on what date they served their responses. Defendants shall file a letter with the court containing that information on or before **Friday, May 29, 2009**.

## II. MOTION TO APPOINT COUNSEL (DOCKET #46)

Plaintiff has also filed a motion asking me to appoint counsel. In an order dated January 14, 2009, I denied an earlier motion to appoint counsel filed by plaintiff. Plaintiff has submitted the same affidavit from July 2008 in support of his new motion.

As before, plaintiff has satisfied his threshold burden of showing a good faith attempt to obtain private counsel. See Pruitt v. Mote, 503 F.3d 647, 654 (7th Cir. 2007). Therefore, I must address the following question: given the difficulty of the case, does this plaintiff appear competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. Id. at 654-655 (citing Farmer v. Haas, 990

F.2d 319, 322 (7th Cir.1993)). Once again, I note that the mere fact that plaintiff was receiving assistance from another prisoner does not mean that he is unable to litigate this matter himself. The issues in this case appear at this stage to be straightforward and uncomplicated. Defendant Dittmann has filed a motion for summary judgment, to which the plaintiff must respond, and the plaintiff has served discovery requests seeking the information he needs to identify the currently unidentified defendants. Therefore, at this time, I do not believe that the presence of counsel is likely to make a difference in the outcome of this case. Accordingly, I will deny plaintiff's motion to appoint counsel without prejudice. However, I will provide plaintiff with additional time to respond to defendants' motion for summary judgment. He shall file his response to defendants' motion for summary judgment on or before **Friday, July 24, 2009**.

### III. CONCLUSION

**For the foregoing reasons,**

**IT IS THEREFORE ORDERED** that plaintiff's motion for discovery (Docket #37) is **DENIED**.

**IT IS FURTHER ORDERED** that defendants shall file a letter with the court on or before **Friday, May 29, 2009**, indicating whether they responded to plaintiff's discovery requests and, if so, the date on which they served their responses.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket #46) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that plaintiff shall file a response to defendants' motion for summary judgment on or before **Friday, July 24, 2009**.

Dated at Milwaukee, Wisconsin, this 22 day of May, 2009.

/s_____
LYNN ADELMAN
District Judge