# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**RICKY L. WILLIAMS,**

       **Plaintiff,**

      **v.**                                      **Case No. 07-C-1158**

**BETH DITTMANN, JOHN DOES I-V,**
**JANE DOE I and JANE DOE II,**

       **Defendants,**

---

## ORDER

Pro se plaintiff Ricky L. Williams a Wisconsin state prisoner brings this 42 U.S.C. § 1983 action against employees of the Dodge Correctional Institution (DCI), alleging that by abruptly canceling his medications they violated his rights under the Eighth Amendment. I previously screened plaintiff's complaint and allowed him to proceed on his claims that John Does I-V and Jane Does I and II were deliberately indifferent to his medical needs, that Health Services Unit (HSU) nursing supervisor Beth Dittmann knowingly failed to intervene and that all defendants were negligent under state law. Dittmann now moves for summary judgment, and plaintiff moves to appoint counsel, extend discovery and amend his complaint.

The relevant facts are as follows: during the Friday noon medication handout, plaintiff discovered that his Alprazolam medication had run out. Subsequently, he experienced withdrawal and considerable pain. Staff advised him that he would have to wait until Monday to see a doctor. On Monday, Dr. Leslie Gombus explained that his medication had been canceled due to an error. Dr. Gombus discontinued plaintiff's

Alprazolam and gave him Trazodone, Buspar and Prozac starting the next day.  Despite the new medications, plaintiff began to experience pain and vomiting.  Subsequently, Dr. Stephen Howard restarted plaintiff on Alprazolam and discontinued Buspar.  Plaintiff sent requests to the HSU on the days he went without his medication, and he complained about his missing medication.  Defendant Dittmann presents evidence that her only interaction with plaintiff occurred when she investigated his inmate complaint, at which time plaintiff had already been restarted on Alprazolam.

I first consider Dittmann's motion for summary judgment.  Summary judgment is required "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  I take the evidence in the light most favorable to plaintiff, Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), and may grant the motion only if no reasonable juror could find for the non-moving party.

With respect to Dittmann's motion on plaintiff's §1983 claim, an individual cannot be held liable in a § 1983 action unless she personally caused the alleged constitutional deprivation.  Sheik-Abdi v. McClellan, 37 F.3d 1240, 1248 (7th Cir. 1994).  Plaintiff presents no evidence that Dittmann was aware of his condition, ignored his requests or contributed to the failure to provide him with medication.  Thus plaintiff's § 1983 claim against Dittmann will be dismissed.

With respect to plaintiff's negligence claim against her, Dittman argues that plaintiff did not allege that he filed a notice of claim.  However, plaintiff presents evidence that he filed a notice of claim and received a rejection letter from the Attorney General as required

2

by Wis. Stat. § 893.82(3).  Thus I will deny Dittmann's motion for summary judgment on this claim.[1]

I will deny plaintiff's motion to amend his complaint to join his treating physicians. Because plaintiff filed his motion after defendant answered, he can amend only with the opposing party's written consent or the court's leave. See Fed. R. Civ. P. 15(a)(2).  He did not obtain the former.  I will deny leave to amend because plaintiff waited almost three years to bring his motion and has not shown good cause for waiting so long.  See Foman v. Davis, 371 U.S. 178, 182 (1962).

I will also deny plaintiff's motions to appoint counsel.  As I noted in my previous order, plaintiff appears competent to handle this case and the presence of counsel would not likely make a difference in the outcome of the case.

Finally, I consider plaintiff's discovery motions.  If plaintiff's current motion for discovery is an attempt to bring a motion to compel under Federal Rule of Civil Procedure 37, such motion did not comply with procedural requirements and will be denied.  Litigants have an obligation to confer to attempt to reconcile their discovery differences prior to requesting court action. Civil L.R. 37.1 (E.D. Wis.).  Plaintiff has not certified that he "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

---

[1] Exercising supplemental jurisdiction over plaintiff's state negligence claim is appropriate because it arises from a common nucleus of operative fact with plaintiff's § 1983 claims against the John and Jane Doe defendants. See 28 U.S.C. § 1367.

3

Instead, I grant plaintiff's motion to extend discovery. The Court is obligated to aid pro se plaintiffs in using the discovery process to identify the unknown correctional officers. See Donald v. Cook County Sheriff's Dep't, 95 F.3d 548, 555-56 (7th Cir. 1996). Thus I will extend discovery until March 8, 2010. Dittman is directed to respond to plaintiff's request for the identities of the guards who were dispensing plaintiff's medicine on the days he did not receive it and to disclose the identities of the unnamed defendants to the extent that is possible. Plaintiff is warned that failure to amend his complaint at the close of discovery and identify the unnamed defendants could result in their dismissal.

For the foregoing reasons,

**IT IS ORDERED** that defendant Dittmann's motion for summary judgment is **GRANTED IN PART AND DENIED IN PART**.

**IT IS ORDERED** that plaintiff's motion for discovery (Docket #59) is **DENIED**.

**IT IS ORDERED** that plaintiff's motion for extension of discovery (Docket #56) is **GRANTED**.

**IT IS ORDERED** that plaintiff's motions to appoint counsel (Docket #57, 58, 65, and 77) are **DENIED**.

**FINALLY, IT IS ORDERED** that plaintiff's motion to amend his complaint (Docket #74) is **DENIED**.

Dated at Milwaukee, Wisconsin this 27 day of January, 2010.

/s_____
LYNN ADELMAN
District Judge

4