# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**RICKY L. WILLIAMS,**
        **Plaintiff,**

      v.                                          **Case No. 07-C-1158**

**BONNIE LAMB, NICOLE VARLEY, TOM LANGENHORST, WAYNE STARBIRD, C. HAWLEY, SARAH BOWE, and SANDY BEULEN,**[1]
        **Defendants.**

---

## ORDER

Plaintiff, Ricky L. Williams, filed this pro se civil right action under 42 U.S.C. § 1983 and now files an amended complaint to name previously unknown John Doe Defendants. I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

Plaintiff was incarcerated at Dodge Correctional Institution at all times relevant and the defendants are all correctional officers. Plaintiff alleges that his Alprazolam medication ran out during the Friday noon medication handout, causing him to experience withdrawal.

---

[1] The caption in this case previously identified the defendants only as John and Jane Does. Inasmuch as the Doe defendants have been identified, I will amend the caption to include their names.

Defendant Bonnie Lamb informed plaintiff that his medication had run out. Plaintiff's medication was not replaced on the next two medication rounds.

During second shift, plaintiff asked defendant Nicole Varley about his missing medication. Varley replied that he did not have any record of plaintiff ever having received nighttime medications. Over the next few days, plaintiff experienced chest and stomach pain, his face felt like it was on fire and he had difficulty breathing. It was difficult for him to get out of bed and walking was extremely painful.

On January 20, 2007, Lamb told plaintiff that all of his medications had run out and he would have to wait until Monday to see a doctor. Plaintiff later asked the second and third shift officers, Tom Langenhorst and Wayne Starbird, whether any medication had shown up for him. However, they were indifferent to his request. The next day, plaintiff asked defendant C. Hawley if there were any medications and he was informed that there were none. Hawley was not interested in anything that plaintiff had to say about his missing medication.

Plaintiff saw Dr. Leslie Gombus on January 22, 2007. Dr. Gombus informed plaintiff that his medications were canceled due to an appointment error. Dr. Gombus discontinued plaintiff's Alprazolam and gave him Trazodone, Buspar and Prozac. Plaintiff started his new medications the next day. Almost immediately, he began to experience pain and vomiting. Plaintiff told defendant Sarah Bowe that he was having a heart attack and she said that she would call for medical attention. However, approximately one hour later she said that plaintiff looked fine and that he would have to wait until the next day to see anyone. Plaintiff told Bowe that he was vomiting blood but she did not care.

Plaintiff later stopped defendant Sandy Beulen to complain about his condition, but she told him to stay put and someone would see him in the morning. Eventually he threatened to harm himself unless he received medical attention. At approximately 1:00 a.m., a nurse saw plaintiff. She gave plaintiff Tylenol and Alamag Plus for stomach gas. On January 25, 2007, plaintiff saw Dr. Stephen Howard who explained that plaintiff's Alprazolam was abruptly stopped due to an appointment scheduling error. Dr. Howard had intended to slowly decrease plaintiff's Alprazolam prescription until it could be discontinued. Dr. Howard restarted plaintiff on Alprazolam and discontinued the Buspar medication. Plaintiff later saw Dr. Scott Hoftiezer for swollen testicles and diarrhea. Plaintiff alleges that after the nine-day denial of Alprazolam he requires twice as much medication to control his high blood pressure. He also suffers from chronic diarrhea.

The Eighth Amendment protects prisons from deliberate indifference to their serious medical needs. Chapman v. Keltner, 241 F.3d 842, 845 (7th Cir. 2001). To establish § 1983 liability, plaintiff must show: (1) that his medical need was objectively serious; and (2) that defendants acted with deliberate indifference to the his health or safety. Id. Plaintiff's allegations that defendants ignored his complaints and requests for medication are sufficient to state a claim.

Plaintiff next claims that defendants violated the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment (CAT), Dec. 10, 1984, 1465 U.N.T.S. 85, 23 I.L.M. 1027, which provides asylum for aliens residing in the United States who risk persecution in their country of origin. As I indicated in my previous Order, plaintiff has given no indication that he is an alien or that he stands to suffer persecution if returned to his home country, and thus has failed to state a claim under CAT.

Plaintiff also brings a state negligence claim against defendants under Wis. Stat. § 895.945. Because the negligence claim forms part of the same case or controversy as the § 1983 claim, I will exercise supplemental jurisdiction over it. 28 U.S.C. §1367(a).

For the foregoing reasons,

**IT IS ORDERED** that plaintiff's claim alleging a violation of CAT is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**IT IS ORDERED** that plaintiff shall serve a copy of the complaint, the summons, and this order upon defendants pursuant to Federal Rule of Civil Procedure 4.

**IT IS ALSO ORDERED** that defendants shall file a responsive pleading to the complaint.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 1 day of April, 2010.

/s_____
LYNN ADELMAN
District Judge

5

Case 2:07-cv-01158-LA   Filed 04/01/10   Page 5 of 5   Document 105