# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**RICKY L. WILLIAMS,**

       **Plaintiff,**

      **v.**                            **Case No. 07-C-1158**

**BONNIE LAMB, NICOLE VARLEY,**
**TOM LANGENHORST, WAYNE STARBIRD,**
**C. HAWLEY, SARAH BOWE, and SANDY BEULEN,**

       **Defendants,**

---

## ORDER

Pro se plaintiff Ricky L. Williams is proceeding in forma pauperis in this civil rights action under 42 U.S.C. § 1983. On April 1, 2010, I denied two motions to appoint counsel filed by plaintiff. Before me now is plaintiff's motion asking me to reconsider my decision regarding those motions.

A motion for reconsideration under Fed. R. Civ. P. 54(b) serves a very limited purpose in federal civil litigation; it should be used only to correct manifest errors of law or fact or to present newly discovered evidence. Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987). "A court has the power to revisit prior decisions of its own . . . in any circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988) (quoting Arizona v. California, 460 U.S. 605, 618 n.8 (1983)).

In this case, plaintiff has filed a total of eight motions to appoint counsel, all of which I have denied. While I have acknowledged that plaintiff has satisfied the threshold burden of showing that he has attempted to secure counsel on his own, I have repeatedly concluded

that plaintiff appears competent to handle this case and the presence of counsel would not likely make a difference in the outcome of this case. See Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007). Nothing in plaintiff's current motion suggests that my conclusion was clearly erroneous or would work a manifest injustice.

Plaintiff also has submitted a letter asking how to serve the amended complaint. He represents that he does not have an address or means to find an address for former DOC employee C. Hawley. I will construe this as a request for service by United States Marshal under Federal Rule of Civil Procedure 4(c)(3), and will grant plaintiff's request.

Therefore,

**IT IS ORDERED** that plaintiff's motion to reconsider is **DENIED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon defendants Bonnie Lamb, Nicole Varley, Tom Langenhorst, Wayne Starbird, C. Hawley, Sarah Bowe, and Sandy Beulen pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3).

**IT IS FURTHER ORDERED** that defendants shall file a responsive pleading to the complaint.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney

2

General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated at Milwaukee, Wisconsin, this 21 day of April, 2010.

/s
LYNN ADELMAN
District Judge

3